United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **JOHN M. PFEFFER, ET AL.**  Defendants. | **Case No.** 24-00543-01/14-CR-H-KPE |

## SCHEDULING ORDER

1. On or before **February 1, 2026**, the parties shall file any relevant pretrial motions pursuant to Fed. R. Crim. P. 12(b)(3). Any responses in opposition shall be filed within 14 days from the date the motion is filed unless otherwise ordered by the Court. For defendants who are represented by counsel, the Court will only accept pretrial filings made by counsel. Pro se filings will not be accepted for defendants who are represented by counsel.

2. The Government and the defendants shall file in writing witness lists which shall include the name of each witness whom counsel intends to call in its case-in-chief no later than **14 days prior to trial**.

3. The Government and the defendants shall file in writing exhibit lists which shall include a description of each exhibit that counsel intends to offer in its case-in-chief no later than **14 days prior to trial**.

4. Any proposed stipulations should be provided in writing to opposing counsel and the Court no later than **14 days before trial**.

5. The parties shall file requested voir dire questions no later than **14 days before trial**.

6. The parties shall file and serve proposed jury instructions no later than **14 days before trial**.

7. The Government shall file written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence no later than **30 days before trial**.

8. Unless the Government has made a claim of privilege as to a testifying informant, no later than **seven days prior to trial**, the Government shall provide: (a) the name(s) of the

informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the informant's prior testimony; and (f) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel.

9. No later than **14 days prior to trial**, the Government shall disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the Government pursuant to *Giglio v. United States* and *United States v. Agurs*, including the arrest and/or conviction record of each Government witness, and all promises or inducements made to any witness.

10. All parties shall exchange Jencks Act materials no later than **10 days prior to trial**.

11. No later than **February 1, 2026**, the defendants shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names, addresses, and telephone numbers of the witnesses upon whom the defendant intends to rely to establish such alibi. No later than **March 1, 2026**, the Government shall serve upon any defendant who has given notice of an alibi a written notice stating the names, addresses, and telephone numbers of the witnesses upon whom the Government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

12. No later than **30 days prior to trial**, the Government shall disclose to the defendants a written summary of testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary should identify the witnesses, a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief, the bases and the reasons for the opinions, he witness's qualifications (including a list of all publications authored in the previous 10 years), and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.

13. No later than **21 days prior to trial**, the defendants shall disclose to the Government a written summary of testimony that the defendants intend to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary should identify the witnesses, a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief, the bases and the reasons for the opinions, he witness's qualifications (including a list of all publications authored in the previous 10 years), and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.

14. On or before the **date for filing pretrial motions**, the parties must file any motion seeking to determine a defendant's mental competency pursuant to 18 U.S.C. § 4241.

15. On or before **the date set for filing pretrial motions**, a defendant shall file a notice

in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

    i. Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and

    ii. Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

16.    If a defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition, **within two weeks of giving notice** under Rule 12.2, the defendant shall identify the experts and provide a summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. At the same time the defendant identifies the experts and provides a summary of the witnesses' opinions, the defendant shall notify the Court that these disclosures have been made and request that the Court set a conference to establish additional deadlines.

**IT IS SO ORDERED.**

Signed    January 16, 2026   , in Houston, Texas.

                              HONORABLE KEITH P. ELLISON
                              United States District Court Judge
                              Southern District of Texas